**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL ARMENTA, | ) | NO. ED CV 12-1160-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on July 20, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 10, 2012.

Plaintiff filed a motion for summary judgment on December 26, 2012. Defendant filed a motion for summary judgment on January 18, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed July 23, 2012.

**BACKGROUND**

Plaintiff asserts disability based primarily on asthma and back problems (Administrative Record ("A.R.") 36-48, 162-66, 173, 183-85). While answering a questionnaire in 2009, and while testifying before an Administrative Law Judge ("ALJ") in 2011, Plaintiff claimed he lacks the physical capacity to work because of acute, persistent shortness of breath and severe back pain (A.R. 36-48, 173, 183-85). Plaintiff's asthma reportedly produces constant wheezing, forces Plaintiff to use a nebulizer machine four or five hours each day, limits Plaintiff's walking to half a block, and prevents Plaintiff from completing any tasks that require endurance or last longer than five to ten minutes (A.R. 39-41, 173, 183-85). Plaintiff's back problems reportedly warrant spinal fusion surgery, but Plaintiff cannot undergo this surgery because of his asthma (A.R. 37-38). Plaintiff's back pain assertedly prevents Plaintiff from tying his own shoes, severely limits his ability to sit still, and causes him to "try not to lift nothing. I try not to put too much stress on my back" (A.R. 44-48, 173, 183).

The ALJ found Plaintiff has severe impairments, including "asthma," "degenerative disc disease" and "trauma to the lumbo-sacral spine with persistent pain" (A.R. 12). The ALJ also found that these

2

"medically determinable impairments" "could reasonably be expected to cause" the symptoms alleged by Plaintiff (A.R. 14). However, the ALJ found not credible Plaintiff's testimony concerning the severity of the symptoms alleged (A.R. 14). In making this finding, the ALJ relied on the "objective [medical] evidence of record" and the ALJ's view that Plaintiff

> has engaged in a somewhat normal level of daily activity and interaction . . . taking care of his three-year-old son, driving, cooking, and folding clothes. . . . The claimant's admitted activities including taking care of his three-year-old son, cooking, folding clothes and driving undermines the claimant's alleged limitations. Despite allegations that he tries not to lift anything, the claimant himself reported in his exertion questionnaire that he lifts his 26-pound baby on occasion . . .

(A.R. 14).

The ALJ found Plaintiff retains the residual functional capacity to perform a limited range of light work, including the ability to stand and walk two hours in an eight hour day and to lift and carry ten pounds frequently and 20 pounds occasionally (A.R. 13). The Appeals Council denied review (A.R. 1-3).

///
///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

When an ALJ determines that a claimant's testimony regarding subjective symptomatology is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] Generalized,

---

[1] In the absence of an ALJ's reliance on evidence of a claimant's "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's
(continued...)

conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

The ALJ's credibility determination in the present case is legally insufficient. See id. The ALJ relied on two reasons for rejecting Plaintiff's subjective symptomatology: the "objective [medical] evidence of record" and Plaintiff's "daily activity" (A.R. 14). As to the first reason, the ALJ stated, "the credibility of the claimant's allegations regarding the severity of the symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record" (A.R. 14). The absence of fully corroborative medical evidence cannot form the sole basis for rejecting the credibility of a claimant's subjective complaints. See Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch v.

---

[1](...continued)
findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Burch") ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis"). Thus, absent some other stated reason, the ALJ's credibility determination cannot stand.

The only other stated reason, Plaintiff's "daily activity," cannot support the ALJ's credibility determination on the present record. Material inconsistency between a claimant's daily activity and the alleged severity of the claimant's symptoms can support an adverse credibility determination. See generally, Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). However, Plaintiff's admissions regarding his limited daily activities are not materially inconsistent with his allegedly disabling symptomatology. See Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("Vertigan") ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) ("Gallant") (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain).[2] At first

---

[2] In Burch, 400 F.3d at 680, the Ninth Circuit upheld an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew. In doing so, the Ninth Circuit did not purport to depart from the general rule that an ALJ may consider daily living activities in the credibility analysis only where "a claimant engages in numerous daily activities involving skills that could be transferred to the workplace." Id. at 681.

(continued...)

blush, Plaintiff's admissions regarding "taking care of his three-year-old son," "driving, cooking and lifting a 26 pound baby" may seem to belie Plaintiff's allegations of disabling symptomatology. However, the record reveals that the apparent inconsistency between Plaintiff's activities and his claimed limitations is essentially illusory. Plaintiff never admitted to "taking care of his three-year-old son" in the sense in which the quoted phrase customarily is understood. According to Plaintiff, his physical interactions with his three-year-old son are rather limited. In fact, Plaintiff's 20-year-old son reportedly came home from college to help with the three-year-old because Plaintiff no longer was physically up to the task (A.R. 42-52). Plaintiff does cook breakfast, does change the three-year-old, and does sometimes sit on the patio or at the park watching the 20-year-old play with the three-year-old (A.R. 42-43). Plaintiff no longer can play with the three-year-old, however, and it is the 20-year-old, not Plaintiff, who takes the three-year-old out of the house (except occasionally when Plaintiff drives the three-year-old around the block in an attempt to induce a nap from the child) (A.R. 42, 51-52). Plaintiff's admission that in August of 2009 he occasionally lifted his (then) two-year-old, 26 pound son "for a very s[h]ort time" is not significantly inconsistent with the desire Plaintiff

---

[2](...continued)
Undeniably, however, it is difficult to reconcile the result in Burch (and the result in Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008)) from the results in cases like Vertigan and Gallant. Certainly, "the relevance of a claimant carrying on daily activities should be evaluated on a case-by-case basis." Bloch on Social Security § 3.37 (Jan. 2005). In the present case, the record fails to show that Plaintiff's limited daily activities are inconsistent with his allegedly disabling symptomatology.

7

subsequently expressed at the 2011 administrative hearing to try to avoid lifting anything.  In sum, Plaintiff's admitted daily activity does not constitute a legally sufficient reason to reject Plaintiff's credibility.  See id.; see also Swims Under v. Astrue, 473 Fed. App'x 552 (9th Cir. 2012) (claimant's admission that she "watches her 3-year-old grandson for a few hours during the day" held insufficient to support the ALJ's rejection of the claimant's credibility).

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's error, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett") (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 22, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

9